UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DALE MCVAY,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 14-cv-05008 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos. 10, 11, 12).

After considering and reviewing the record, the Court concludes that the ALJ's finding that plaintiff did not meet listing 1.04 is supported by substantial evidence in the

ORDER ON PLAINTIFF'S COMPLAINT - 1

record as a whole, as plaintiff has not demonstrated reflex or sensory loss. In addition, the typographical error in the section regarding plaintiff's credibility did not render the rest of the ALJ's analysis with respect to plaintiff's credibility unclear. Instead, it is clear that the ALJ relied on inconsistency between plaintiff's allegations and the medical evidence, as well as plaintiff's failure to pursue treatment and plaintiff's failure to pursue vocational retraining.

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff, DALE MCVAY, was born in 1964 and was 44 years old on the alleged date of disability onset of June 3, 2008 (*see* Tr. 171, 178). Plaintiff completed the ninth grade, went into Job Corps at age sixteen, completed training in cement finishing, and later obtained his GED (Tr. 37-38). He has work experience as "a construction laborer, concrete laborer, and a pipe laborer – heavy work, confined areas, big equipment – jackhammers, et cetera" (Tr. 39).

According to the ALJ, plaintiff has at least the severe impairments of status post cervical discectomy/fusion and diverticulitis (20 CFR § 404.1520(c) and 416.920(c)) (Tr. 20).

At the time of the hearing, plaintiff was living with his wife of 29 years (Tr. 37).

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and

following reconsideration (*see* Tr. 171-77, 178-85). Plaintiff's requested hearing was held before Administrative Law Judge Gary Elliott ("the ALJ") on August 29, 2012 (*see* Tr. 33-52). On August 31, 2012, the ALJ issued a written decision in which he concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* Tr.15-32).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the Commissioner err in determining that plaintiff did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 1.04; (2) Did the Commissioner err in determining plaintiff's residual functional capacity; and (3) Did the ALJ err in evaluating plaintiff's credibility (*see* ECF No. 10, p. 2).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)   Did the Commissioner err in determining that plaintiff did not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 1.04?**

Plaintiff contends that this matter should be reversed and remanded with a direction to award benefits because he meets or medically equals the listed impairment 1.04 (Opening Brief, ECF No. 10, p. 7). Defendant contends that multiple criteria for this listed impairment are not met (*see* Response, ECF No. 11, pp. 2-5). The ALJ found, with

little elaboration, that the medical evidence "does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under section 1.04" (*see* Tr. 21).

At step-three of the administrative process, if the administration finds that the claimant has an impairment(s) that has lasted or can be expected to last for not less than twelve months and is included in Appendix 1 of the Listings of Impairments, or is equal to a listed impairment, the claimant will be considered disabled without considering age, education and work experience. 20 C.F.R. § 404.1520(d). The claimant bears the burden of proof regarding whether or not he "has an impairment that meets or equals the criteria of an impairment listed" in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings"). *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to render a published opinion by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005).

A claimant must demonstrate that he medically equals each of the individual criteria for the particular listing by presenting "medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (*citing Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); 20 C.F.R. § 416.926(a)). A claimant cannot rely on overall functional impact, but must demonstrate that the impairment equals each criterion in the listing. *Id.*

"An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Id.* (*citing Lewis v.*

1 *Apfel*, 236 F.3d 503, 514 (9th Cir. 2001); *Marcia v. Sullivan,* 900 F.2d 172 (9th Cir. 1990)).

Here, defendant contends that although plaintiff "complained of numbness in his arm, which he believes satisfied sensory or reflex loss requirement, physical examination showed his upper extremity motor and sensation were intact (*see* Response, ECF No. 11, p. 5 (*citing* Tr. 382); *see also* Tr. 381, 403, ECF No. 10, p. 5). Defendant also notes that plaintiff's cited evidence regarding sensory loss was dated in June and September, 2008, prior to his fusion surgery, which occurred in October, 2008 (*see id.*). Defendant also notes that plaintiff's deep tendon reflexes all were 4/4 bilaterally, and his sensation was normal on examination by Dr. James Pepka, D.O. on June 8, 2011 and on examination by Dr. Victoria Fang, M.D. on August 31, 2008 (*see id.* (*citing* Tr. 272, 382)).

Regarding Disorders of the spine, listing 1.04[1], this listing requires that the evidence of nerve root compression be characterized by motor loss accompanied by sensory or reflex loss. 20 C.F.R. pt. 404, subpt. P, app. 1, 104A. In plaintiff's argument regarding meeting listing 1.04, plaintiff does not contend that his alleged nerve root compression is characterized by reflex loss, but plaintiff does contend that it is characterized by sensory loss (*see* Opening Brief, ECF No. 10, p. 5 (*citing* Tr. 381, 403)).

---

[1] **Listing 1.04 Disorders of the spine** (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equine) or the spinal cord. With:
    a.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and . . . . ;
       or . . . .
20 C.F.R. pt. 404, subpt. P, app. 1, 104A.

Even assuming that all of the other criteria for this listing are met, plaintiff has not established that his alleged nerve root compression was characterized by motor loss accompanied by sensory or reflex loss. Plaintiff does not allege reflex loss, and as noted by defendant, plaintiff's deep tendon reflexes all were 4/4 bilaterally (*see* Response, ECF No. 12, p. 5 (*citing* Tr. 272)). Defendant also points out that plaintiff's sensation was normal when examined by Dr. Pepka and when examined by Dr. Fang (*see id.* (*citing* Tr. 272, 382)). Plaintiff does not reply to defendant's argument that the ALJ's finding is substantiated by Dr. Pepka's and Dr. Fang's observations following examination that plaintiff's sensation was normal (*see* Reply, ECF No. 12, pp. 2-3). According to the medical record, Dr. Pepka indicated his observation that plaintiff "had normal ability to distinguish between a pointed and a soft object to all fingers and toes and normal ability to sense vibration of tuning fork of both the wrist and ankles" (*see* Tr. 272); and Dr. Fang indicated that "Motor and sensation [upper extremity] intact" (*see* Tr. 382). The Court also notes that plaintiff's only citations in support of his alleged sensory loss both are from occasions prior to plaintiff's fusion surgery (*see* Tr. 381, 403). Therefore, the Court concludes that plaintiff has not met his burden to demonstrate evidence of nerve root compression that is characterized by motor loss accompanied by sensory or reflex loss.

Based on a review of the record as a whole, despite plaintiff's self-report of numbness prior to his fusion surgery, the Court concludes that the ALJ's finding that the medical evidence "does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis as required under section 1.04" is a finding based on substantial evidence in the record as a whole (*see* Tr. 21).

(2) **Did the ALJ err in evaluating plaintiff's credibility**?

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)). Even if a claimant "has an ailment reasonably expected to produce *some* pain; many medical conditions produce pain not severe enough to preclude gainful employment." *Fair, supra*, 885 F.2d at 603. The ALJ may "draw inferences logically flowing from the evidence." *Sample, supra*, 694 F.2d at 642 (*citing Beane v. Richardson*, 457 F.2d 758 (9th Cir. 1972); *Wade v. Harris*, 509 F. Supp. 19, 20 (N.D. Cal. 1980)). However, an ALJ may not speculate. *See* SSR 86-8, 1986 SSR LEXIS 15 at *22.

Nevertheless, the ALJ's credibility determinations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)). In evaluating a claimant's credibility, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (*quoting Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)); *Reddick, supra*, 157 F.3d at 722 (citations omitted); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citation omitted). The

ALJ may consider "ordinary techniques of credibility evaluation," including the claimant's reputation for truthfulness and inconsistencies in testimony regarding symptoms, and may also consider a claimant's daily activities, and "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen, supra*, 80 F.3d at 1284 (citations omitted).

Here, plaintiff bases his argument on a typographical error in the ALJ's written decision (*see* ECF No. 10, p. 6; Tr. 22). The ALJ included a sentence fragment without completing the sentence: "The claimant alleges that the severity of his impairments." (Tr. 22). Although it is true that the ALJ made a typographical error in his written decision (*see* Tr. 22), it also is true that the ALJ's credibility determination is explained in another paragraph of his written decision (*see* Tr. 24). The ALJ found that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment, for the reasons discussed above" (*see* Tr. 24). The ALJ's error was harmless. It is clear what he meant. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)).

For example, the ALJ notes plaintiff's testimony "that he is unable to work due to pain . . . ." (*see* Tr. 22). Two paragraphs later in his written decision, the ALJ notes that after surgery, Dr. John Lipon, D.O., noted in January, 2009 that plaintiff had "no severe pain" (*see id.*). Similarly, in that same paragraph, the ALJ notes that records from Dr.

Jaime B. Gerber, M.D., on February 27, 2009 indicate that plaintiff's "neck pain now is minimal" (*see id.*, *citing* Tr. 503-04). The ALJ notes plaintiff's report that he was not having "to take any medication for pain" (*see id.*, *citing* Tr. 504).

Based on a review of the relevant record, including the written decision from the ALJ, the Court concludes that is clear from the written decision that the ALJ failed to credit fully plaintiff's allegations and credibility in part by finding that plaintiff's allegations are inconsistent with the notes in the treatment record (*see* Tr. 22-23). The Court also concludes that this is a finding based on substantial evidence in the record as a whole, for the reasons discussed as well as based on other reasoning inherent in the ALJ's discussion, such as Dr. Pepka's examination results (*see* Tr. 23-24).

The ALJ also indicates in his written decision that plaintiff "has not pursued treatment to the extent one would expect given the alleged severity of his symptoms" (*see* Tr. 24). The ALJ clearly fails to credit fully plaintiff's allegations and credibility in part due to plaintiff's limited treatment record (*see id.*).

Similarly, the ALJ indicated reliance on plaintiff's active pursuit of vocational training, indicating that plaintiff believed he could work; and the ALJ also indicated reliance on the fact that "all of the claimant's physicians have supported the notion that the claimant should pursue this retraining given his physical limitations" (*see id.*).

Plaintiff does not question or discuss the ALJ's reliance on these specific reasons for his credibility determination, clearly evident in the ALJ's written decision. Instead, plaintiff appears to argue that the typographical error renders all of the evident rationale

unclear. For the reasons already discussed, the Court does not agree. Based on the relevant record, the Court concludes that the typographical error is harmless error.

For the reasons stated and based on the relevant record as a whole, the Court concludes that the ALJ committed at most harmless error in the evaluation of plaintiff's credibility. The ALJ's rationale is clear and convincing.

### (3) Did the Commissioner err in determining plaintiff's residual functional capacity "RFC"?

In plaintiff's opening brief, plaintiff argues that the RFC is erroneous because plaintiff testified "that he is forced to use the restroom at least twice during the workday, each lasting between 10 and 15 minutes" (*see* Opening Brief, ECF No. 10, pp. 6-7). Defendant notes first that this limitation is substantiated only by plaintiff's testimony, which was rejected properly by the ALJ and, notes secondly, that even if this limitation is required to be included into plaintiff's RFC, the error is at most harmless error (*see* Response, ECF No. 11, pp. 8-9). Defendant notes that plaintiff presents no evidence that the normal allowed breaks provided on a daily basis are insufficient to satisfy his restroom needs (*see id.*). Plaintiff does not reply to this argument and appears to cede it in his reply brief, by failing to note it in his list of issues (*see* Reply, ECF No. 12, p. 2).

Based on the record as a whole, the Court concludes that any failure to include in plaintiff's RFC the need to use the restroom at least twice during the workday, each lasting between 10 and 15 minutes each, is at most harmless error.

//

//

1

## CONCLUSION

2 Based on the stated reasons and the relevant record, the Court **ORDERS** that this

3 matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4 **JUDGMENT** should be for defendant and the case should be closed.

5 Dated this 18th day of July, 2014.

6

7

8

J. Richard Creatura
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24